UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>XIPING HE GONZALES,<br><br>    Defendant. | No. 2:16-cv-02048-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Scott Johnson ("Plaintiff") sued Xiping He Gonzales ("Defendant") alleging that Defendant's business, Café 33, did not comply with the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. Compl., ECF No. 1. Defendant now moves for summary judgment. Mot., ECF No. 18. Plaintiff opposes. Opp'n, ECF No. 19. Finding Plaintiff's ADA claim is moot, the Court dismisses the remaining claim for want of jurisdiction.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff suffers from quadriplegia and manual dexterity

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 19, 2018.

1

impairments. Compl., ECF No. 1, at ¶ 1. He uses a wheelchair for mobility. Id. In 2015, Plaintiff went to Café 33, later renamed Café Azuza, and encountered barriers to access. Compl. at 4-19; Gonzales Decl., ECF No. 18-3, ¶ 1.

In August 2016, Plaintiff brought this action alleging violations of the ADA and the Unruh Civil Rights Act. See Compl. Defendant, the owner and sole employee of Café 33, permanently closed the business in January 2018. Gonzales Decl. ¶¶ 2-3.

Defendant now moves for summary judgment, arguing that the business's closure renders the ADA claim moot and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim. Mot. at 2-3. Plaintiff requests that the Court maintain jurisdiction over his state law claim. Opp'n at 2-6.

**II. OPINION**

**A. ADA Claim**

Private plaintiffs may only sue for injunctive relief (i.e., barrier removal) under the ADA. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). Prospective injunctive relief is unavailable, mooting an ADA claim, when a business ceases operation with no plans to reopen. Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618 (9th Cir. 2011).

Here, Defendant closed her restaurant in January 2018 and has provided a declaration that she has no plans to reopen the restaurant or start another business open to the public. Gonzales Decl. ¶¶ 3, 6. Plaintiff presents no evidence to dispute these statements.

The Court therefore finds that injunctive relief on Plaintiff's ADA claim is no longer available. Plaintiff's ADA cause of action is moot, and the Court accordingly dismisses it.

**B. State Law Claim**

By dismissing Plaintiff's ADA claim, the Court has disposed of "all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff's sole remaining claim, arising under state law, may only be decided if the Court exercises supplemental jurisdiction.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Johnson v. Kim, No. 214CV00196KJMCKD, 2016 WL 232326, at *3-4 (E.D. Cal. Jan. 20, 2016).

The Court finds that the factors of "judicial economy, convenience, fairness, and comity" weigh in favor of dismissing Plaintiff's state law claim without prejudice to renewal in state court. See Oliver, 654 F.3d at 911 (finding the district court did not err in declining to exercise supplemental jurisdiction on state law claims after dismissing ADA claim). In an overburdened judicial district like the Eastern District of California, the Court has an interest in avoiding needless adjudication of state law claims. Although Plaintiff's state law claim is predicated on an alleged violation of the ADA, this alone does not justify use of the Court's scarce resources to

adjudicate the merits of the remaining state law claim.

Plaintiff's arguments to the contrary are unavailing. There is no evidence that this case is in an "advanced" stage of litigation or that the parties have expended considerable time on the pendent claim. See Opp'n at 4. Very little has been done on this case in the nearly two years it has been pending. The Court's is only actions have been to set aside the default judgment and modify the scheduling order. Orders, ECF No. 14, 15. Plaintiff's argument that he will be forced "to litigate two nearly-identical cases in separate venues" ignores the fact that he will no longer have to litigate any claims in federal court. See Opp'n at 5-6 (citing Baker v. Palo Alto University, Inc., No. 5:13-CV-00546 EJD, 2014 WL 631452, at *2 (N.D. Cal. Feb. 18, 2014), which is immaterial here because federal claims remained in Baker).

The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's Unruh claim.

### III. ORDER

For the reasons set forth above, Plaintiff's ADA claim is DISMISSED AS MOOT. The Court declines to retain supplemental jurisdiction over the Unruh Civil Rights Act claim. The complaint is DISMISSED without prejudice to refiling of the state law claims in state court. Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: June 29, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE